| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Lewis R. Landau (CA Bar No. 143391) <br> Attorney-at-Law <br> 22287 Mulholland Hwy., # 318 <br> Calabasas, CA 91302 <br> Voice and Fax: (888)822-4340 <br> Email: Lew@Landaunet.com <br><br> ☐ *Individual appearing without attorney* <br> ☒ *Attorney for:* Debtor | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re: <br><br> Progressive Solutions, Inc., | CASE NO.: 8:18-bk-14277-SC <br><br> CHAPTER: 11 |
|---|---|
| | **NOTICE OF MOTION FOR:** <br><br> MOTION FOR ORDER AUTHORIZING AMENDMENT OF CHAPTER 11 PETITION RE SUBCHAPTER V ELECTION AND EXTENSION OF PLAN DEADLINE <br><br><br> *(Specify name of Motion)* |
| Debtor(s). | DATE: 02/20/2020 <br> TIME: 11:00 am <br> COURTROOM: Courtroom 5C, US Bankruptcy Court <br> PLACE: Ronald Reagan Federal Building <br>     411 W. Fourth Street, 5th Floor <br>     Santa Ana, CA 92701 |

1. TO (*specify name*): All parties in interest: _____

2. NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3. **Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 1                    **F 9013-1.1.HEARING.NOTICE**

4.  **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date.  If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5.  **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Date:   01/30/2020

Lewis R. Landau, Attorney at Law
Printed name of law firm

/s/ Lewis R. Landau
Signature

Lewis R. Landau
Printed name of attorney

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    Page 2                        **F 9013-1.1.HEARING.NOTICE**

**Lewis R. Landau** (CA Bar No. 143391)
**Attorney-at-Law**
22287 Mulholland Hwy., # 318
Calabasas, California 91302
Voice & Fax: (888) 822-4340
*Email: Lew@Landaunet.com*

Attorney for Debtor and
Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>Progressive Solutions, Inc.,<br><br>          Debtor. | Case No.: 8:18-bk-14277-SC<br>Chapter 11<br><br>**MOTION FOR ORDER AUTHORIZING AMENDMENT OF CHAPTER 11 PETITION RE SUBCHAPTER V ELECTION AND EXTENSION OF PLAN DEADLINE**<br><br><br>Date:     February 20, 2020<br>Time:    11:00 a.m.<br>Place:   Courtroom 5C, US Bankruptcy Court<br>                Ronald Reagan Federal Building<br>                411 W. Fourth Street, 5th Floor<br>                Santa Ana, CA 92701 |

Progressive Solutions, Inc., a California corporation and Debtor in Possession ("Debtor"), hereby moves for an order authorizing the amendment of Debtor's chapter 11 petition regarding election of Subchapter V of chapter 11 and related relief extending the plan filing deadline under 11 U.S.C. § 1189(b) (eff. February 19, 2020) ("Motion"). The specific details of the Motion are set forth in the following memorandum of points and authorities, as supported by the attached Declaration of Glenn Vodhanel ("Vodhanel Declaration") and the exhibits attached hereto and referenced herein.

Notice of this Motion is given per Local Bankruptcy Form F 9013-1.2 attached hereto. For all these reasons, Debtor requests that the Court grant the Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### BACKGROUND FACTS

The Debtor filed its chapter 11 case on November 21, 2018. As set forth in ¶ 8 of Debtor's chapter 11 petition, Debtor stated that Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D) with aggregate noncontingent liquidated debtor less than $2,556,050. *See* ECF # 1 attached hereto as Exhibit 1. Debtor has proceeded as a small business debtor throughout its case. The Debtor continues to manage the chapter 11 estate as debtor in possession and Debtor's case is in full compliance with all of duties under 11 U.S.C. §§ 521, 1106, and 1107 and all applicable guidelines of the Office of the United States Trustee.

The Debtor is a software developer and publisher primarily for municipalities to track and receive licensing fees and penalties. Debtor is operating in the ordinary course of business post-petition. Debtor has six (6) employees maintaining Debtor's business affairs. Debtor operates out of the La Habra Lease offices.

Debtor suffered entry of a $977,000 money judgment in the District Court for the Northern District of California in favor of the City of Oakland and a Mr. Stanley. The judgment is solely for attorney's fees and costs awarded upon dismissal of Debtor's affirmative claims. Debtor has appealed both the adverse summary judgment and fee award to the Ninth Circuit Court of Appeals. Debtor filed its chapter 11 petition on November 21, 2018 to maintain its operations and implement a reorganization plan through the chapter 11 process after a stay pending appeal was denied and the judgment creditor began aggressive collection actions.

On July 26, 2019 Debtor filed its first amended chapter 11 plan ("Debtor Plan"). *See* ECF # 76. The Court held a confirmation hearing on the Debtor Plan on September 19, 2019. The Debtor Plan was not confirmed at that time and the hearing was continued to November 7, 2019 at 11:00 a.m. for further proceedings. *See* ECF # 117 (September 19, 2019 hearing transcript).

On August 30, 2019 Oakland filed a chapter 11 plan ("Oakland Plan"). *See* ECF # 93. The Oakland Plan was preliminarily considered by the Court at the September 19, 2019 hearing in

1  connection with Oakland's objections to the Debtor Plan.  Proceedings related to the Oakland Plan

2  were continued to November 7, 2019 at 11:00 a.m.

3       The Court ordered that additional papers related to the Debtor Plan and Oakland Plan be

4  filed not later than October 24, 2019.  *See* ECF # 103.  On October 1, 2019 Oakland substituted

5  new counsel into Debtor's case.  *See* ECF # 106.  On October 17, 2019 Oakland withdrew the

6  Oakland Plan.  *See* ECF # 112.  The parties thereafter entered into a stipulation [ECF # 115] to

7  continue the November 7, 2019 hearings to January 9, 2020.  The January 9, 2020 hearings were

8  further continued to February 20, 2020 to allow Debtor to bring the within motion as requested in

9  Debtor's January 3, 2020 status report.  *See* ECF # 138.

10       For all these reasons, Debtor requests an order authorizing the amendment of Debtor's

11  chapter 11 petition electing application of Subchapter V of chapter 11 and related relief.

12  **II.**

13  **<u>DEBTOR SHOULD BE AUTHORIZED TO AMEND ITS PETITION TO</u>**

14  **<u>ELECT APPLICATION OF SUBCHAPTER V OF CHAPTER 11; THE PETITION</u>**

15  **<u>SHOULD BE DEEMED SO AMENDED AND § 1189(b) DEADLINE EXTENDED</u>**

16       On August 23, 2019 the Small Business Reorganization Act (H.R. 3311; S. 1091) (the

17  "SBRA") was signed into law.  As set forth in § 5 concerning the effective date of the SBRA,

18  "This Act and the amendments made by this Act shall take effect 180 days after the date of

19  enactment of this Act."  Thus, the effective date of the SBRA is February 19, 2020.  Nothing in

20  the SBRA precludes application of the SBRA to cases pending as of its effective date or otherwise

21  limits its application to cases filed after its effective date.[1]

22       In <u>Landgraf v. USI Film Prods.</u>, 511 U.S. 244, 280, 114 S.Ct. 1483, 128 L.Ed.2d 229

23  (1994) the Supreme Court defined the analysis for applying a new statute to a pending case:

24  ///

25  ///

26  _____

27  [1]  *See e.g.*, Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109-8, 119 Stat. 23, 216 at
Sec. 1501(b)(1): "APPLICATION OF AMENDMENTS. - (1) IN GENERAL. - Except as otherwise provided in this

28  Act and paragraph (2), the amendments made by this Act shall not apply with respect to cases commenced under title
11, United States Code, before the effective date of this Act."

1

2

3

4

5

6

> When a case implicates a federal statute enacted after the events in suit, the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach. If Congress has done so, of course, there is no need to resort to judicial default rules. When, however, the statute contains no such express command, the court must determine whether the new statute would have retroactive effect, i. e., whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed. If the statute would operate retroactively, our traditional presumption teaches that it does not govern absent clear congressional intent favoring such a result.

7

Landgraf v. USI Film Prods., 511 U.S. 244, 280, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994).

8

9

10

11

12

13

14

15

16

17

Here, § 5 of the SBRA makes the SBRA effective as of February 19, 2020. Congress did not limit its application to cases filed after the effective date, as it did with respect to the enactment of BAPCPA. *See* footnote 1. Application of the SBRA to Debtor's pending case does not impair rights a party possessed when it acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed. No matters within the Debtor's case are pending or completed such that applying the SBRA to Debtor's case impairs any rights, increases liabilities or imposes new duties upon completed transactions. Since § 5 of the SBRA does not limit application of the SBRA to cases filed after the February 19, 2020 effective date and it does not retroactively impair the rights of parties in interest, the Court should authorize Debtor to amend its petition to elect application of Subchapter V of title 11.

18

19

20

21

22

Under the SBRA, a debtor in a small business case can elect to become a "Small Business Debtor" under 11 U.S.C. §§ 101(51D) and 103(i) effective February 19, 2020. Debtor's case is and has always been a small business case and by this Motion, Debtor elects application of Subchapter V of chapter 11 as set forth in 11 U.S.C. §§ 101(51D) and 103(i) as effective February 19, 2020.

23

24

25

26

27

28

On January 15, 2020 the United States Bankruptcy Court for the Central District of California entered General Order 20-01, a copy of which is attached hereto as Exhibit 2. Pursuant to G.O. 20-01, the Court adopted interim rules to implement the SBRA. As set forth in Rule 1020, "In a voluntary chapter 11 case, the debtor shall state in the petition whether the debtor is a small business debtor and, if so, whether the debtor elects to have subchapter V of chapter 11 apply." Since Debtor's case has been pending prior to the effective date of the SBRA, Debtor requests that

1    upon approval of this Motion, the Court enter an order deeming its petition amended to elect

2    application of Subchapter V of chapter 11.  Because G.O. 20-01 does not directly address the

3    circumstances presented herein, parties in interest should file any objections to such election in

4    response to this Motion.  Pursuant to 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy

5    Procedure 1001, Debtor believes that the within procedure satisfies the due process requirements

6    of all parties in interest.

7        In addition, 11 U.S.C. § 1189(b) (eff. February 19, 2020) states, "[t]he debtor shall file a

8    plan not later than 90 days after the order for relief under this chapter, except that the court may

9    extend the period if the need for the extension is attributable to circumstances for which the debtor

10   should not justly be held accountable."  Under the circumstances of this case, Debtor is

11   concurrently filing its Plan of Reorganization for Small Business Debtor Under Chapter 11.

12   Debtor cannot meet the 90-day filing requirement for its plan under the SBRA but is doing so as

13   promptly as possible following the effective date of the SBRA.  Debtor notes that it timely

14   complied with the Court's January 10, 2019 scheduling order setting a May 20, 2019 deadline to

15   file its original plan and disclosure statement.  See ECF #s 25, 43, 44.

16       Since the SBRA was enacted on August 23, 2019 and becomes effective February 19,

17   2020, Debtor requires an extension of the 90 day period to file a plan under 11 U.S.C. § 1189(b).

18   Debtor believes that the requested extension is attributable to circumstances for which the Debtor

19   should not justly be held accountable since the Debtor has remained in compliance with plan filing

20   requirements throughout its case and is proposing a plan under the SBRA as expeditiously as

21   possible upon the effective date of the SBRA.

22       For all these reasons, Debtor requests an order authorizing the amendment of Debtor's

23   chapter 11 petition electing application of Subchapter V of chapter 11 and related relief.

24   ///

25   ///

26   ///

27   ///

28   ///

1

## III.

## __CONCLUSION__

**WHEREFORE**, the Debtor requests an order authorizing the amendment of Debtor's

chapter 11 petition regarding election of Subchapter V of chapter 11, extension of the  § 1189(b)

deadline and such other and further relief as the Court deems just and proper.

Dated:  January 30, 2020                                  **Lewis R. Landau**
                                                         **Attorney-at-Law**


                                                         By */s/ Lewis R. Landau*
                                                         Lewis R. Landau
                                                         Attorneys for Debtor

**DECLARATION OF GLENN VODHANEL**

I, Glenn Vodhanel, do hereby declare:

1.      I am the President of Progressive Solutions, Inc. ("Debtor").  I offer this declaration in support of the Debtor's motion for an order authorizing the amendment of Debtor's chapter 11 petition regarding election of Subchapter V of chapter 11 and related relief.

2.      The Debtor filed its chapter 11 case on November 21, 2018.  As set forth in ¶ 8 of Debtor's chapter 11 petition, Debtor stated that Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D) with aggregate noncontingent liquidated debtor less than $2,556,050.  A true and correct copy of Debtor's ECF # 1 consisting of the chapter 11 petition is attached hereto as Exhibit 1 and is incorporated herein by reference.  Debtor has proceeded as a small business debtor throughout its case. The Debtor continues to manage the chapter 11 estate as debtor in possession and to the best of my knowledge, Debtor's case is in full compliance with all of duties under 11 U.S.C. §§ 521, 1106, and 1107 and all applicable guidelines of the Office of the United States Trustee.

3.      The Debtor is a software developer and publisher primarily for municipalities to track and receive licensing fees and penalties.  Debtor is operating in the ordinary course of business post-petition.  Debtor has six (6) employees maintaining Debtor's business affairs. Debtor operates out of the La Habra Lease offices.

4.      Debtor suffered entry of a $977,000 money judgment in the District Court for the Northern District of California in favor of the City of Oakland and a Mr. Stanley.  The judgment is solely for attorney's fees and costs awarded upon dismissal of Debtor's affirmative claims. Debtor has appealed both the adverse summary judgment and fee award to the Ninth Circuit Court of Appeals.  Debtor filed its chapter 11 petition on November 21, 2018 to maintain its operations and implement a reorganization plan through the chapter 11 process after a stay pending appeal was denied and the judgment creditor began aggressive collection actions.

5.      On July 26, 2019 Debtor filed its first amended chapter 11 plan ("Debtor Plan"). *See* ECF # 76.  The Court held a confirmation hearing on the Debtor Plan on September 19, 2019. The Debtor Plan was not confirmed at that time and the hearing was continued to November 7,

1   2019 at 11:00 a.m. for further proceedings.  *See* ECF # 117 (September 19, 2019 hearing

2   transcript).

3         6.      On August 30, 2019 Oakland filed a chapter 11 plan ("Oakland Plan").  *See* ECF #

4   93.  The Oakland Plan was preliminarily considered by the Court at the September 19, 2019

5   hearing in connection with Oakland's objections to the Debtor Plan.  Proceedings related to the

6   Oakland Plan were continued to November 7, 2019 at 11:00 a.m.

7         7.      The Court ordered that additional papers related to the Debtor Plan and Oakland

8   Plan be filed not later than October 24, 2019.  *See* ECF # 103.  On October 1, 2019 Oakland

9   substituted new counsel into Debtor's case.  *See* ECF # 106.  On October 17, 2019 Oakland

10   withdrew the Oakland Plan.  *See* ECF # 112.  The parties thereafter entered into a stipulation [ECF

11   # 115] to continue the November 7, 2019 hearings to January 9, 2020.  The January 9, 2020

12   hearings were further continued to February 20, 2020 to allow Debtor to bring the within motion

13   as requested in Debtor's January 3, 2020 status report.  *See* ECF # 138.

14         8.      I do not believe that application of the Small Business Reorganization Act

15   ("SBRA") to Debtor's pending case impairs any rights a party possessed when it acted, increases a

16   party's liability for past conduct, or imposes new duties with respect to transactions already

17   completed.  No matters within the Debtor's case are pending or completed such that applying the

18   SBRA to Debtor's case impairs any rights, increases liabilities or imposes new duties upon

19   completed transactions.

20         9.      I am aware that 11 U.S.C. § 1189(b) (eff. February 19, 2020) states, "[t]he debtor

21   shall file a plan not later than 90 days after the order for relief under this chapter, except that the

22   court may extend the period if the need for the extension is attributable to circumstances for which

23   the debtor should not justly be held accountable."  Under the circumstances of this case, Debtor is

24   concurrently filing its Plan of Reorganization for Small Business Debtor Under Chapter 11.

25   Debtor cannot meet the 90-day filing requirement for its plan under the SBRA but is doing so as

26   promptly as possible following the effective date of the SBRA.  Debtor notes that it timely

27   complied with the Court's January 10, 2019 scheduling order setting a May 20, 2019 deadline to

28   file its original plan and disclosure statement.  See ECF #s 25, 43, 44.

1       10.     Since the SBRA was enacted on August 23, 2019 and becomes effective February

2  19, 2020, Debtor requires an extension of the 90 day period to file a plan under 11 U.S.C. §

3  1189(b).  Debtor believes that the requested extension is attributable to circumstances for which

4  the Debtor should not justly be held accountable since the Debtor has remained in compliance

5  with plan filing requirements throughout its case and is proposing a plan under the SBRA as

6  expeditiously as possible upon the effective date of the SBRA.

7       I declare under penalty of perjury under the laws of the United States of America that the

8  foregoing is true and correct to the best of my knowledge, information and belief.

9       Executed this 30th day of January 2020 at Orange County, California.

Glenn Vodhanel

# EXHIBIT 1

Fill in this information to identify the case:

United States Bankruptcy Court for the:

Central _____ District of California
                                              (State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an
   amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Progressive Solutions, Inc. |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 3 3 – 0 1 1 3 5 6 2 |

4. **Debtor's address**

**Principal place of business**

525 W. Whittier Blvd
Number        Street

La Habra        CA        90631
City            State     ZIP Code

Orange
County

**Mailing address, if different from principal place of business**

Number        Street

PO Box 783
P.O. Box

BREA        CA        92821
City         State     ZIP Code

**Location of principal assets, if different from principal place of business**

Number        Street

City         State     ZIP Code

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | https://www.progressivesolutions.com/ |

6. **Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

| Debtor | Progressive Solutions, Inc. | Case number (if known) |
|---|---|---|
| | Name | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.naics.com/search/ .

<u>5</u>   <u>1</u>   <u>1</u>   <u>2</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply:*

    ☑ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.    District _____    When _____    Case number _____
                                                 MM / DD / YYYY

             District _____    When _____    Case number _____
                                                  MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☑ No

☐ Yes.    Debtor _____    Relationship _____

           District _____    When _____

                                            MM / DD / YYYY

           Case number, if known _____

Case 8:18-bk-14277-SC   Doc 13   Filed 11/21/18   Entered 11/21/18 16:52:54   Desc
Main Document      Page 3 of 8

| Debtor | Progressive Solutions, Inc. | Case number (if known) |
|---|---|---|
| | Name | |

---

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number          Street

_____

_____
City                                   State        ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

| | **Statistical and administrative information** |
|---|---|

---

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

☑ 1-49          ☐ 1,000-5,000          ☐ 25,001-50,000
☐ 50-99         ☐ 5,001-10,000         ☐ 50,001-100,000
☐ 100-199       ☐ 10,001-25,000        ☐ More than 100,000
☐ 200-999

---

**15. Estimated assets**

☐ $0-$50,000                  ☐ $1,000,001-$10 million       ☐ $500,000,001-$1 billion
☐ $50,001-$100,000            ☐ $10,000,001-$50 million      ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000           ☐ $50,000,001-$100 million     ☐ $10,000,000,001-$50 billion
☑ $500,001-$1 million         ☐ $100,000,001-$500 million    ☐ More than $50 billion

---

| Debtor | Progressive Solutions, Inc. | Case number *(if known)* |
|---|---|---|
| | Name | |

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☑ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

**Request for Relief, Declaration, and Signatures**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

☐ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

☐ I have been authorized to file this petition on behalf of the debtor.

☐ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___11/21/18___
MM / DD / YYYY

**X** _(signature)_                          Glenn Vodhanel
Signature of authorized representative of debtor          Printed name

Title __President__

**18. Signature of attorney**

**X** /s/ Lewis R. Landau          Date ___11/21/18___
Signature of attorney for debtor          MM / DD / YYYY

Lewis R. Landau
Printed name

Lewis R. Landau, Attorney at Law
Firm name

22287 Mulholland Hwy., # 318
Number          Street

Calabasas                          CA          91302
City                          State          ZIP Code

(888)822-4340                          Lew@Landaunet.com
Contact phone                          Email address

143391                          CA
Bar number                          State

---

# EXHIBIT 2

**FILED**

Jan 15 2020

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

In Re:                                          )          **GENERAL ORDER 20-01**
                                                )
ADOPTION OF INTERIM                             )
BANKRUPTCY RULES RE: SBRA                       )
                                                )
                                                )
_____

On August 23, 2019, the Small Business Reorganization Act of 2019 (the SBRA) was enacted into law. The SBRA makes many substantive and procedural changes to the Bankruptcy Code and requires changes to the Federal Rules of Bankruptcy Procedure to implement those changes. However, the February 19, 2020 effective date of the SBRA occurs long before the Bankruptcy Rules can be amended under the three-year process required by the Rules Enabling Act. Accordingly, the Advisory Committee on Bankruptcy Rules (the Advisory Committee) drafted, published for comment, and subsequently approved interim bankruptcy rules (the Interim Rules) for distribution to the courts. The Committee on Rules of Practice and Procedure approved the Interim Rules, and the Judicial Conference authorized distribution of the Interim Rules to courts for adoption locally to facilitate uniform implementation of the changes mandated by the SBRA.

1        NOW THEREFORE, pursuant to 28 U.S.C. § 2071, Rule 83 of the Federal Rules of

2   Civil Procedure, and Rule 9029 of the Federal Rules of Bankruptcy Procedure, the attached

3   Interim Rules, as set forth in Attachment A, are adopted in their entirety without change by

4   the judges of this Court to be effective February 19, 2020. For cases and proceedings not

5   governed by the SBRA, the Federal Rules of Bankruptcy Procedure and the Local Rules of

6   this Court, other than the Interim Rules, shall apply.

7

8        The Interim Rules shall remain in effect until further order of the Court.

9

10  **IT IS SO ORDERED.**

11

12

13  Date:  January 15, 2020

14  _____
                        **Maureen Tighe**
15         Chief Judge, United States Bankruptcy Court

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
22287 Mulholland Hwy., # 318 Calabasas, CA 91302

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION FOR** (*specify name of motion*)
 MOTION FOR ORDER AUTHORIZING AMENDMENT OF CHAPTER 11 PETITION
 RE SUBCHAPTER V ELECTION AND EXTENSION OF PLAN DEADLINE
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
01/30/2020   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  01/30/2020   , I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

 Judge Clarkson, US Bankruptcy Court, 411 W. Fourth Street Suite 5130 Santa Ana, CA 92701

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/30/2020 | Lewis R. Landau | /s/ Lewis R. Landau |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

| | |
|---|---|
| In re: Progressive Solutions, Inc.,<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 8:18-bk-14277 SC |

**ADDITIONAL SERVICE INFORMATION (if needed):**

NEF Service List (category I):

Dina Yunker Frank on behalf of Creditor Washington State Taxing Agencies
bcuyunker@atg.wa.gov, bcuyunker@atg.wa.gov

Michael J Hauser on behalf of U.S. Trustee United States Trustee (SA)
michael.hauser@usdoj.gov

M. Jonathan Hayes on behalf of Interested Party Courtesy NEF
jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;
priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;
sloan@rhmfirm.com

Christopher D Hughes on behalf of Attorney Christopher D Hughes
chughes@nossaman.com

Christopher D Hughes on behalf of Defendant City of Oakland
chughes@nossaman.com

Monique D Jewett-Brewster on behalf of Creditor The City of Oakland
mjb@hopkinscarley.com, eamaro@hopkinscarley.com

Lewis R Landau on behalf of Debtor Progressive Solutions, Inc.
Lew@Landaunet.com

Lewis R Landau on behalf of Plaintiff Progressive Solutions, Inc.
Lew@Landaunet.com

Jay M Ross on behalf of Creditor The City of Oakland
jross@hopkinscarley.com, kday@hopkinscarley.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                      F 9013-3.1

**In re Progressive Solutions, Inc.**
**8:18-bk-14277 SC**
**Mail Service Parties**

County of Orange
Attn: Treasurer-Tax Collector
P.O. Box 4515
Santa Ana, CA 92702-4515

Employment Development Department
Bankruptcy Group MIC 92E
P. O. Box 826880
Sacramento, CA 94280-0001

Franchise Tax Board
Attention: Bankruptcy
PO Box 2952
Sacramento, CA 95812-2952

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Law Offices of Sheryl Traum
1919 S. Syringa Rd.
Spokane WA 99203-3463

Monroe Consulting
22921 Triton Way #224
Laguna Hills, CA 92653-1236

Presoft Center of Fresno LLC
496 S. Uruapan Way
Dinuba, CA 93618-2719

Winthrop Couchot
Garrick Hollander
1301 Dove St., #500
Newport Beach, CA 92660-2467

Berkeley Research Group, LLC
Weltman Weinberg & Reis Co., L.P.A.
3705 Marlane Drive
Grove City OH 43123-8895

Chris Retzinger
8400 Samra Dr
West Hills, CA 91304-3214

Robert Wiborg,
Devborg, LLC
525 West Whittier Blvd
La Habra, CA 90631