**Lewis R. Landau** (CA Bar No. 143391)
**Attorney-at-Law**
22287 Mulholland Hwy., # 318
Calabasas, CA 91302
Voice and Fax: (888)822-4340
*Email: Lew@Landaunet.com*

Attorney for Debtor
and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>Progressive Solutions, Inc.,<br><br>Debtor. | Case No.: 8:18-bk-14277-SC<br>Chapter 11<br><br>**CHAPTER 11 SUBCHAPTER V STATUS REPORT**<br><br><br>Date:　　　April 9, 2020<br>Time:　　　11:00 a.m.<br>Place:　　　Courtroom 5C, US Bankruptcy Court<br>　　　　　　Ronald Reagan Federal Building<br>　　　　　　411 W. Fourth Street, 5th Floor<br>　　　　　　Santa Ana, CA 92701 |

Progressive Solutions, Inc., a California corporation ("Debtor") herein files the Debtor's

Chapter 11 Status Report pursuant to the February 24, 2020 Order (1) Setting Conference on

Status of Subchapter V Case, etc." ("Status Conference Order") [ECF # 162]. The following

information is presented pursuant to paragraphs I(A) through (F) of the Status Conference Order:

///

///

///

///

///

**A. Estimate for Filing Plan and Motion to Confirm Plan. Provide an estimate of when the Debtor will file (1) a plan of reorganization ("Plan") within the time frame of 11 U.S.C. §§ 1189, and (2) a motion for order confirming chapter 11 plan ("Confirmation Motion")**.

On January 30, 2020 Debtor filed its Second Amended Plan [ECF # 144] ("Plan").  The Plan remains pending at this time.  Debtor concurrently moved to confirm the Plan [ECF # 145] but the confirmation motion was denied without prejudice pursuant to the Court's February 21, 2020 Order Regarding Motion for Order Authorizing Amendment of Chapter 11 Petition to Elect Subchapter V, and Confirmation of Amended Chapter 11 Small Business Plan.  *See* ECF # 157.

Debtor requests that the Court set a briefing and hearing schedule on Plan confirmation as soon as possible at the status hearing.  Debtor is prepared to immediately re-file its Confirmation Motion.

**B. Objections to Claims. State whether a deadline should be set for hearings on objections to claims and, if so, what that deadline should be.**

The Court previously set April 15, 2019 as an objection to claim filing deadline.  *See* ECF # 25.  Debtor did not file any objections to claims at that time.  The Debtor recently became aware of facts supporting further investigation and potential objection to claim # 3 originally filed by Berkeley Research Group, LLC ("Berkeley") and recently assigned to Ecker Capital, LLC ("Ecker") [ECF #s 171, 172 and 175] and claim # 5 filed by the City of Oakland.  The Court may recall that Ecker appeared at the February 20, 2020 hearings in this case and Debtor objected thereto absent Ecker's compliance with claim transfer disclosure requirements.

Ecker filed its Notice of Transfer of Claim Pursuant to FRBP 3001(e) on March 13, 2020.  *See* ECF #s 171, 172 and 175.  As set forth in the "Second Amendment to 'Assignment of Claim' Dated December 11th, 2019" attached to ECF # 172 (excerpt attached hereto as Exhibit 1), Ecker and Berkeley agreed that the claim assignment was contingent on "the *City of Oakland support of Assignees plan* and the *City of Oakland not entering into a settlement agreement with Debtor*" (emphasis added).  Debtor shall investigate all terms and conditions related to transfer of the

1    Berkeley claim and any Oakland agreements thereto.  To the extent not voluntarily disclosed,

2    Debtor may request an order of the Court compelling such disclosures and Debtor demands

3    preservation of all electronically stored information and other evidence of any communications by

4    and among Ecker, Berkeley and Oakland concerning the Debtor.

5        Agreements constituting restraints upon the City of Oakland consensually resolving its

6    claim with the Debtor and/or agreeing to support an unfiled Ecker plan may well constitute bad

7    faith and unlawful conduct.  *See* 11 U.S.C. §§ 1125(b) and 1126(e); *also see* 18 U.S.C. § 152(6)

8    ("knowingly and fraudulently gives, offers, receives, or attempts to obtain any money or property,

9    remuneration, compensation, reward, advantage, or promise thereof for acting or forbearing to act

10   in any case under title 11").

11   **C.  Debtor's Duties. Disclose whether the Debtor has performed all of its duties under**
12       **FRBP Interim Rule 2015(b) and 11 U.S.C. §§ 521, 1184 and 1187; and reasons for**
13       **non-compliance, if any.**

14       To the best of Debtor's knowledge, Debtor is in full compliance with all of its duties under

15   FRBP Interim Rule 2015(b) and 11 U.S.C. §§ 521, 1184, and 1187.

16   **D.  Pre-Confirmation Payments. Disclose whether the Debtor has transmitted**
17       **preconfirmation payments and funds to the Subchapter V trustee as is allowed under**
18       **11 U.S.C. §§ 1194.**

19       No payments transmitted to the Subchapter V trustee.

20   **E.  Litigation and Post-Petition Operations. Describe concisely the post-petition**
21       **operations of the Debtor (including authority to use cash collateral), litigation in**
22       **which the Debtor is involved, and the status of the Debtor's efforts to reorganize.**

23       Debtor's only pre-petition litigation is the Ninth Circuit appeal of the adverse City of

24   Oakland judgment.  Debtor suffered entry of a $977,000 money judgment in the District Court for

25   the Northern District of California in favor of the City of Oakland and a Mr. Stanley.  The

26   judgment is solely for attorney's fees and costs awarded upon dismissal of Debtor's affirmative

27   claims.  Debtor has appealed both the adverse summary judgment and fee award to the Ninth

28

1  Circuit Court of Appeals.  As Debtor was plaintiff in that action, the appeal is not stayed and the

2  appeal is progressing in the Ninth Circuit.  Argument was recently scheduled for May 15, 2020.

3          Debtor has no secured creditors and there are no cash collateral issues in the case.  Debtor

4  has operated in the ordinary course throughout the sixteen (16) month duration of the case.

5  Debtor's most recent United States Trustee Monthly Operating Report [ECF # 174] reflecting

6  post-petition operations through February 29, 2020 is attached hereto as Exhibit 2.

7      **F. Professionals and Fee Budget. Disclose whether the Debtor has hired, or shall hire**

8          **any professionals and, if so, whether the professional's employment has been**

9          **approved by the Court.**

10         Debtor has retained Lewis R. Landau as general bankruptcy counsel and the order

11  approving Landau's employment was entered on December 20, 2018.  *See* ECF #s 11, 17.

12  Landau's second interim fee application was approved per order entered  December 2, 2019 and

13  approved fees and costs through October 31, 2019.  *See* ECF #s 119, 133.  Debtor estimates an

14  additional $35,000 due Landau through Plan confirmation absent significant additional litigation.

15         Debtor has retained the Law Offices of Paul Kleven as special appellate counsel to

16  represent Debtor in the Ninth Circuit appeal.  The Kleven employment application was approved

17  per order entered January 10, 2019.  *See* ECF #s 21, 24.  Kleven's second interim fee application

18  was approved per order entered December 2, 2019 and approved fees and costs through October

19  28, 2019.  *See* ECF #s 120, 134.  Debtor estimates an additional $15,000 due to Kleven through

20  Plan confirmation.

21  Dated:  March 26, 2020                                **Lewis R. Landau**
                                                         **Attorney at Law**
22

23                                                      By:*/s/ Lewis R. Landau*
                                                        Lewis R. Landau
24                                                      Attorney for Debtor

-4-

# DECLARATION OF GLENN VODHANEL

I, Glenn Vodhanel, do hereby declare:

1.      I am the president of Progressive Solutions, Inc. ("Debtor") and have personal knowledge of the facts set forth herein.  The Debtor filed its chapter 11 case on November 21, 2018 assigned case number 8:18-bk-14277 SC.  The Debtor amended its petition to elect application of Subchapter V of chapter 11 on February 20, 2020.  The Debtor continues to manage the chapter 11 estate as debtor in possession.

2.      On January 30, 2020 Debtor filed its Second Amended Plan [ECF # 144] ("Plan").  The Plan remains pending at this time.  Debtor concurrently moved to confirm the Plan [ECF # 145] but the confirmation motion was denied without prejudice pursuant to the Court's February 21, 2020 Order Regarding Motion for Order Authorizing Amendment of Chapter 11 Petition to Elect Subchapter V, and Confirmation of Amended Chapter 11 Small Business Plan.  *See* ECF # 157.  Debtor requests that the Court set a briefing and hearing schedule on Plan confirmation as soon as possible at the status hearing.  Debtor is prepared to immediately re-file its Confirmation Motion.

3.      The Court previously set April 15, 2019 as an objection to claim filing deadline.  *See* ECF # 25.  Debtor did not file any objections to claims at that time.  The Debtor recently became aware of facts supporting further investigation and potential objection to claim # 3 originally filed by Berkeley Research Group, LLC ("Berkeley") and recently assigned to Ecker Capital, LLC ("Ecker") [ECF #s 171, 172 and 175] and claim # 5 filed by the City of Oakland.  Debtor previously objected to Ecker's appearance absent Ecker's compliance with claim transfer disclosure requirements.  As set forth in the "Second Amendment to 'Assignment of Claim' Dated December 11th, 2019" attached to ECF # 172 (true and correct excerpt attached hereto as Exhibit 1), Ecker and Berkeley agreed that the claim assignment was contingent on "the *City of Oakland support of Assignees plan* and the *City of Oakland not entering into a settlement agreement with Debtor*" (emphasis added).  Debtor shall investigate all terms and conditions related to transfer of the Berkeley claim and any Oakland agreements thereto.  To the extent not voluntarily disclosed, Debtor may request an order of the Court compelling such disclosures.

1    4.      To the best of Debtor's knowledge, Debtor is in full compliance with all of its

2  duties under FRBP Interim Rule 2015(b) and 11 U.S.C. §§ 521, 1184, and 1187. No

3  preconfirmation Plan payments have transmitted to the Subchapter V trustee.

4    5.      Debtor's only pre-petition litigation is the Ninth Circuit appeal of the adverse City

5  of Oakland judgment. Debtor suffered entry of a $977,000 money judgment in the District Court

6  for the Northern District of California in favor of the City of Oakland and a Mr. Stanley. The

7  judgment is solely for attorney's fees and costs awarded upon dismissal of Debtor's affirmative

8  claims. Debtor has appealed both the adverse summary judgment and fee award to the Ninth

9  Circuit Court of Appeals. Argument was recently scheduled for May 15, 2020.

10    6.      Debtor has no secured creditors. Debtor has operated in the ordinary course

11  throughout the sixteen (16) month duration of the case. A true and correct copy of Debtor's most

12  recent United States Trustee Monthly Operating Report [ECF # 174] reflecting post-petition

13  operations through February 29, 2020 is attached hereto as Exhibit 2.

14    7.      Debtor has retained Lewis R. Landau as general bankruptcy counsel and the order

15  approving Landau's employment was entered on December 20, 2018. *See* ECF #s 11, 17.

16  Landau's second interim fee application was approved per order entered  December 2, 2019 and

17  approved fees and costs through October 31, 2019. *See* ECF #s 119, 133. Debtor estimates an

18  additional $35,000 due Landau through Plan confirmation absent significant additional litigation.

19    8.      Debtor has retained the Law Offices of Paul Kleven as special appellate counsel.

20  The Kleven employment application was approved per order entered January 10, 2019. *See* ECF

21  #s 21, 24. Kleven's second interim fee application was approved per order entered December 2,

22  2019 and approved fees and costs through October 28, 2019. *See* ECF #s 120, 134. Debtor

23  estimates an additional $15,000 due to Kleven through Plan confirmation.

24    I declare under penalty of perjury that the foregoing is true and correct to the best of my

25  knowledge and belief. Executed this 26th day of March 2020 at Orange County, California.

26

27    _____

28    Glenn Vodhanel

-6-

# EXHIBIT 1

**007**

## ASSIGNMENT OF CLAIM

Berkeley Research Group, LLC having a mailing address at 2200 Powell Street, Suite 1200, Emeryville, CA 94608 ("Assignor"), for the consideration enumerated in the hereto attached Exhibit A ("Purchase Price"), does hereby transfer to Ecker Capital LLC, having an address at 201 East 5w St. Suite 1200, Sheridan, WY 82801("Assignee") all of Assignor's right, title and interest in and to claim or claims of Assignor, as more specifically set forth (the "Claim") against Progressive Solutions, Inc. ("Debtor") Debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Central District of California (the "Court"), Case No. 8:18-bk-14277 in the currently outstanding amount of not less than **$106,470.00** and all rights and benefits of Assignor relating to the Claim, including without limitation the Proof of Claim identified below and Assignor's rights to receive all interest, penalties and fees, if any, which may be paid with respect to the Claim and all other claims, causes of action against the Debtor, its affiliates, any guarantor or other third party and all cash, securities, instruments and other property which may be paid or issued by Debtor in satisfaction of the Claim, together with voting and other rights and benefits arising from, under or relating to any of the foregoing. The Claim is based on amounts owed to Assignor by Debtor as set forth below and this assignment shall be deemed an absolute and unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest. For the avoidance of doubt, the Claim shall include, without limitation, any and all cure claims, reclamation claims and administrative priority claims that may arise out of the same underlying contracts or facts and circumstances that give rise to the Claim.

The term "Proof of Claim" shall mean any and all proofs of claim that may be filed in respect of the Claim or any part thereof, whether formal or informal and whether previously or hereafter filed (including without limitation, that certain proof of claim in the amount of **$106,470.00**, which has been duly and timely filed in the Proceedings and which has not been revoked or superseded, a true and correct copy of which is annexed to this Assignment of Claim). For the avoidance of doubt, if the Proof of Claim amount differs from the Claim amount set forth above, Assignee shall nevertheless be deemed the owner of the entire Proof of Claim subject to the terms of this Agreement and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court.

Assignor further represents and warrants that: the amount of the Claim is not less than **$106,470.00**; the Claim in that amount is valid and enforceable the Claim is listed by the Debtor on its schedule of liabilities as amended to date ("Schedule") as such; no consent, approval, filing or corporate, partnership or other action is required as a condition to, or otherwise in connection with, the execution, delivery and performance of this Agreement by Assignor, this Agreement has been duly authorized, executed and delivered by Assignor and Assignor has the requisite power and authority to execute, deliver and perform this Agreement; this Agreement constitutes the valid, legal and binding agreement of Assignor, enforceable against Assignor in accordance with its terms; no payment or other distribution has been received by Assignor, or by any third party on behalf of Assignor, in full or partial satisfaction of, or in connection with the Claim; Assignor has not previously assigned, sold

or pledged the Claim to any third party, in whole or in part; Assignor owns and has title to the Claim free of any and all liens, security interests or encumbrances of any kind or nature whatsoever. Neither party hereto assumes or shall be responsible for any obligations or liabilities of the other party related to or in connection with this Assignment of Claim.

Assignor is aware that the above Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization. Assignor acknowledges that, except as set forth in this Assignment , neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of Debtor (financial or otherwise) or any other matter relating to the Proceedings, the Debtor or the Claim. Assignor represents that it has adequate information concerning the business and financial condition of Debtor and the status of the Proceedings to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate (including information available from the files of the Court in the Proceedings), made its own analysis and decision to enter into this Assignment of Claim.

Assignee assumes all of the recovery risk in terms of the amount paid on the Claim. Assignee does assume the risk that all or any part of the Claim may become, becomes, or is disallowed, avoided, reduced, disputed, objected to or otherwise impaired in any way (any of the occurrences or conditions described is referenced herein singularly and/or collectively as an "Impairment").

Assignor hereby irrevocably appoints Assignee as its true and lawful attorney and authorizes Assignee to act in Assignor's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim herein assigned.

Assignor grants unto Assignee full authority to do all things necessary to enforce the claim and its rights thereunder pursuant to this Assignment of Claim. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignor agrees to take such further action, at its own expense, as may be necessary or desirable to affect the assignment of the Claim and any payments or distributions on account of the Claim to Assignee including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents.

Assignor agrees to forward to Assignee all notices received from Debtor, the Court or any third party with respect to the Claim assigned herein and to vote the Claim, and to take such other action with respect to the Claim in the Proceedings, as Assignee may from time to time request. Assignor further agrees that any distribution received by Assignor on account of the Claim, whether in the form of cash, securities, instrument or any other

property, shall constitute property of Assignee to which Assignee has an absolute right, and that Assignor will hold such property in trust and will, at its own expense, promptly (but not later than 5 business days after receipt thereof) deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee. The terms of this Assignment of Claim shall be binding upon and shall inure to the benefit of and be enforceable by Assignor, Assignee and their respective successors and assigns.

Assignor hereby acknowledges that Assignee may at any time reassign the Claim, together with all right, title and interest of Assignee in and to this Assignment of Claim. All representations, warranties, indemnities and agreements made herein shall survive the execution and delivery of this Assignment of Claim and any such re-assignment. This Assignment of Claim may be executed in counterparts and all such counterparts taken together shall be deemed to constitute a single agreement.

This Assignment of Claim shall be governed by and construed in accordance with the laws of the State of California. Any action arising under or relating to this Assignment of Claim may be brought in any State or Federal court located in the State of California, and Assignor consents to and confers personal jurisdiction over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process to Assignor at the address set forth in this Assignment of Claim, and in any action hereunder Assignor waives the right to demand a trial by jury.

## CONSENT AND WAIVER

Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment of Claim and hereby waives its right to raise any objections thereto and its right to receive notice pursuant to Rule 3001 of the Rules of Bankruptcy Procedure.

## CONTINGENCY

This assignment of Claim is contingent upon the City of Oakland's support of Assignee's reorganization plan ("Assignee's Plan") and the City of Oakland not entering into a settlement agreement with Debtor. The Assignee will seek City of Oakland confirmation that they will work with the Assignee. Assignee shall file Assignee's Plan with the Court by January 15th, 2020.

## EXHIBIT A FOLLOWS

3

010

## EXHIBIT A

1.  Upon the execution of this Assignment of Claim by Assignor, Assignee's and the City of Oakland's written consent thereto, Assignee shall pay Assignor $10.000.00 three business days prior to filing Assignee's Plan.

2.  If the Court approves:
    a)  Assignee's Plan, Assignee shall pay Assignor an additional $96.470 within two business days thereof; or
    b)  Debtor's Chapter 11 re-organization plan, Assignee shall pay Assignor an additional $25,000 within two business days thereof.

### SIGNATURE PAGE FOLLOWS

4

IN WITNESS THEREOF the undersigned **ASSIGNOR** hereinto sets its hand this 16th day of December, 2019.

Berkeley Research Group, LLC:

BY: _____

Name and Title: **Kathleen E. Koppenhoefer, Vice President & Deputy General Counsel**

IN WITNESS THEREOF the undersigned **ASSIGNEE** hereinto sets its hand this 11th day of December, 2019.

Ecker Capital, LLC:

BY: _____

James Sherman, Authorized signatory

5

**012**

**AMENDMENT TO "ASSIGNMENT OF CLAIM" DATED DECEMBER 11ᵀᴴ, 2019**

An Assignment of Claim (the "Agreement") was entered into the 11th day of December, 2019 ("Effective Date") by and between Berkeley Research Group, LLC having a mailing address at 2200 Powell Street, Suite 1200, Emeryville, CA 94608 ("Assignor"), and Ecker Capital LLC, having an address at 201 East 5w St. Suite 1200, Sheridan, WY 82801("Assignee"), concerning Assignor's right, title and interest in and to claim or claims of Assignor, as more specifically set forth (the "Claim") against Progressive Solutions, Inc. ("Debtor") Debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Central District of California (the "Court"), Case No. 8:18-bk-14277, hereafter referred to as the "Original Agreement".

WHEREAS, the parties wish to amend the terms of the Original Agreement as set forth herein;

NOW THEREFORE, in consideration of the mutual promises herein , the parties, intending to be legally bound, hereby agree that the following constitutes all  the amendments to and restatements of the Original Agreement:

1.  The paragraph titled "Contingency" at the bottom of page three is amended and restated in its entirety to read:

    This assignment of Claim is contingent upon the City of Oakland's support of assignees plan and the City of Oakland not entering into a settlement agreement with Debtor. The assignee will seek City of Oakland confirmation that they will work with the assignee. Assignee shall file its reorganization plan with the Court by January 31st, 2020.

The parties reaffirm no other terms or conditions of the above mentioned Original Agreement not hereby otherwise deleted or amended shall be negated or changed as a result of this amendment.

IN WITNESS THEREOF the undersigned **ASSIGNOR** hereinto sets its hand this 30th day of December, 2019.

Berkeley Research Group, LLC:

BY: _KE KOW_

Name and Title: Kathleen E. Koppenhoefer, Vice President & Deputy General Counsel

IN WITNESS THEREOF the undersigned **ASSIGNEE** hereinto sets its hand this 1 8 day of December, 2019.

Ecker Capital Management, LLC:

BY: _James Sherman_

James Sherman, Authorized signatory

**013**

## SECOND AMENDMENT TO "ASSIGNMENT OF CLAIM" DATED DECEMBER 11TH, 2019

An Assignment of Claim (the "Agreement") was entered into the 11th day of December, 2019 ("Effective Date") by and between Berkeley Research Group, LLC having a mailing address at 2200 Powell Street, Suite 1200, Emeryville, CA 94608 ("Assignor"), and Ecker Capital LLC, having an address at 201 East 5w St. Suite 1200, Sheridan, WY 82801("Assignee"), concerning Assignor's right, title and interest in and to claim or claims of Assignor, as more specifically set forth (the "Claim") against Progressive Solutions, Inc. ("Debtor") Debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Central District of California (the "Court"), Case No. 8:18-bk-14277, hereafter referred to as the "Original Agreement".

WHEREAS, the parties wish to amend the terms of the Original Agreement as set forth herein;

NOW THEREFORE, in consideration of the mutual promises herein , the parties, intending to be legally bound, hereby agree that the following constitutes all the amendments to and restatements of the Original Agreement:

1. The paragraph titled "Contingency" at the bottom of page three is amended and restated in its entirety to read:

   This Assignment of Claim is contingent upon the City of Oakland's support of Assignees plan and the City of Oakland not entering into a settlement agreement with Debtor. The Assignee will seek City of Oakland confirmation that they will work with the Assignee.

   The Debtor's amended plan is set for confirmation hearing on February 20, 2020. The Assignee will file a transfer of ownership form with the California Bankruptcy court. The Assignee will attend the confirmation hearing. If the Debtor's amended plan fails to be confirmed, then the Assignee will seek to file its own plan with the court 20 days after the Debtor's amended plan is rejected.

The parties reaffirm no other terms or conditions of the above mentioned Original Agreement not hereby otherwise deleted or amended shall be negated or changed as a result of this amendment.

IN WITNESS THEREOF the undersigned **ASSIGNOR** hereinto sets its hand this 18 day of February, 2020.

Berkeley Research Group, LLC:

BY: _KE KOW_

Name and Title: Kathleen Koppenhoefer, VP & Deputy General Counsel

IN WITNESS THEREOF the undersigned **ASSIGNEE** hereinto sets its hand this /6 day of February, 2020.

Ecker Capital, LLC:

BY: _James Sherman_____
James Sherman, Authorized signatory

# EXHIBIT 2

**016**

**Fill in this information to identify the case:**

Debtor Name  Progressive Solutions Inc.

United States Bankruptcy Court for the: Central District of California

Case number:  8:18-bk-14277-SC

☐ Check if this is an amended filing

---

Official Form 425C

## Monthly Operating Report for Small Business Under Chapter 11                12/17

| | | |
|---|---|---|
| Month: | February 2020 | Date report filed: 03/02/2020 MM/DD/YYYY |
| Line of business: | CustomCmpProgramming | NAISC code: 541511 |

In accordance with title 28, section 1746, of the United States Code, I declare under penalty of perjury that I have examined the following small business monthly operating report and the accompanying attachments and, to the best of my knowledge, these documents are true, correct, and complete.

Responsible party:                    Glenn Vodhanel, President

Original signature of responsible party    *[signature]*

Printed name of responsible party      Glenn Vodhanel, President

### 1. Questionnaire

Answer all questions on behalf of the debtor for the period covered by this report, unless otherwise indicated.

| | Yes | No | N/A |
|---|:---:|:---:|:---:|
| **If you answer *No* to any of the questions in lines 1-9, attach an explanation and label it *Exhibit A.*** | | | |
| 1. Did the business operate during the entire reporting period? | ☑ | ☐ | ☐ |
| 2. Do you plan to continue to operate the business next month? | ☑ | ☐ | ☐ |
| 3. Have you paid all of your bills on time? | ☑ | ☐ | ☐ |
| 4. Did you pay your employees on time? | ☑ | ☐ | ☐ |
| 5. Have you deposited all the receipts for your business into debtor in possession (DIP) accounts? | ☑ | ☐ | ☐ |
| 6. Have you timely filed your tax returns and paid all of your taxes? | ☐ | ☐ | ☑ |
| 7. Have you timely filed all other required government filings? | ☑ | ☐ | ☐ |
| 8. Are you current on your quarterly fee payments to the U.S. Trustee or Bankruptcy Administrator? | ☑ | ☐ | ☐ |
| 9. Have you timely paid all of your insurance premiums? | ☑ | ☐ | ☐ |
| **If you answer *Yes* to any of the questions in lines 10-18, attach an explanation and label it *Exhibit B.*** | | | |
| 10. Do you have any bank accounts open other than the DIP accounts? | ☐ | ☑ | ☐ |
| 11. Have you sold any assets other than inventory? | ☐ | ☑ | ☐ |
| 12. Have you sold or transferred any assets or provided services to anyone related to the DIP in any way? | ☐ | ☑ | ☐ |
| 13. Did any insurance company cancel your policy? | ☐ | ☑ | ☐ |
| 14. Did you have any unusual or significant unanticipated expenses? | ☐ | ☑ | ☐ |
| 15. Have you borrowed money from anyone or has anyone made any payments on your behalf? | ☐ | ☑ | ☐ |
| 16. Has anyone made an investment in your business? | ☐ | ☑ | ☐ |

| Debtor Name | Progressive Solutions Inc. | Case number | 8:18-bk-14277-SC |
|---|---|---|---|

17. Have you paid any bills you owed before you filed bankruptcy?    ❑  ☑  ❑

18. Have you allowed any checks to clear the bank that were issued before you filed bankruptcy?    ❑  ☑  ❑

## 2. Summary of Cash Activity for All Accounts

19. **Total opening balance of all accounts**

This amount must equal what you reported as the cash on hand at the end of the month in the previous month. If this is your first report, report the total cash on hand as of the date of the filing of this case.

$ 406,842.20

20. **Total cash receipts**

Attach a listing of all cash received for the month and label it *Exhibit C*. Include all cash received even if you have not deposited it at the bank, collections on receivables, credit card deposits, cash received from other parties, or loans, gifts, or payments made by other parties on your behalf. Do not attach bank statements in lieu of *Exhibit C*.

Report the total from *Exhibit C* here.

$ 19,163.90

21. **Total cash disbursements**

Attach a listing of all payments you made in the month and label it *Exhibit D*. List the date paid, payee, purpose, and amount. Include all cash payments, debit card transactions, checks issued even if they have not cleared the bank, outstanding checks issued before the bankruptcy was filed that were allowed to clear this month, and payments made by other parties on your behalf. Do not attach bank statements in lieu of *Exhibit D*.

Report the total from *Exhibit D* here.

– $ 50,043.96

22. **Net cash flow**

Subtract line 21 from line 20 and report the result here.
This amount may be different from what you may have calculated as *net profit*.

+ $ -30,880.06

23. **Cash on hand at the end of the month**

Add line 22 + line 19. Report the result here.

Report this figure as the *cash on hand at the beginning of the month* on your next operating report.

This amount may not match your bank account balance because you may have outstanding checks that have not cleared the bank or deposits in transit.

= $ 375,962.14

## 3. Unpaid Bills

Attach a list of all debts (including taxes) which you have incurred since the date you filed bankruptcy but have not paid. Label it *Exhibit E*. Include the date the debt was incurred, who is owed the money, the purpose of the debt, and when the debt is due. Report the total from *Exhibit E* here.

24. **Total payables**

*(Exhibit E)*

$ 4,126.70

| Debtor Name | Progressive Solutions Inc. | Case number | 8:18-bk-14277-SC |
|---|---|---|---|

## 4. Money Owed to You

Attach a list of all amounts owed to you by your customers for work you have done or merchandise you have sold. Include amounts owed to you both before, and after you filed bankruptcy. Label it *Exhibit F*. Identify who owes you money, how much is owed, and when payment is due. Report the total from *Exhibit F* here.

25. **Total receivables**
$ 36,639.34

   *(Exhibit F)*

## 5. Employees

26. What was the number of employees when the case was filed? ____6

27. What is the number of employees as of the date of this monthly report? ____6

## 6. Professional Fees

28. How much have you paid this month in professional fees related to this bankruptcy case?     $ ____0.00

29. How much have you paid in professional fees related to this bankruptcy case since the case was filed?     $ 89,274.70

30. How much have you paid this month in other professional fees?     $ ____0.00

31. How much have you paid in total other professional fees since filing the case?     $ 19,753.58

## 7. Projections

Compare your actual cash receipts and disbursements to what you projected in the previous month. Projected figures in the first month should match those provided at the initial debtor interview, if any.

| | Column A | | Column B | | Column C |
|---|---|---|---|---|---|
| | **Projected** | — | **Actual** | = | **Difference** |
| | Copy lines 35-37 from the previous month's report. | | Copy lines 20-22 of this report. | | Subtract Column B from Column A. |
| 32. **Cash receipts** | $ 14,500.00 | — | $ 19,163.90 | = | $ -4,663.90 |
| 33. **Cash disbursements** | $ 66,495.00 | — | $ 50,043.96 | = | $ 16,451.04 |
| 34. **Net cash flow** | $ -51,995.00 | — | $ -30,880.06 | = | $ -21,114.94 |

35. Total projected cash receipts for the next month:     $ 14,500.00

36. Total projected cash disbursements for the next month:    - $ 67,895.00

37. Total projected net cash flow for the next month:    = $ -53,395.00

Debtor Name  Progressive Solutions Inc.                                    Case number  8:18-bk-14277-SC

---

## ◼ 8. Additional Information

If available, check the box to the left and attach copies of the following documents.

☑  38.  Bank statements for each open account (redact all but the last 4 digits of account numbers).

☑  39.  Bank reconciliation reports for each account.

☑  40.  Financial reports such as an income statement (profit & loss) and/or balance sheet.

☑  41.  Budget, projection, or forecast reports.

☐  42.  Project, job costing, or work-in-progress reports.

Exhibit C

Cash Receipts

| Date | ReceivedFrom | Amount | DepositTotal |
|------|------------|--------|-------------|
| 01/28/2020 | City of Fresno | -6,000.00 | |
| 01/28/2020 | Dave Champagne | -107.80 | |
| 01/28/2020 | Wa-KitsapHumaneSociety | -946.10 | |
| 02/04/2020 | Ca-County of Humboldt | -1,950.00 | $ 9,003.90 |
| 02/10/2020 | Ca-County of Humboldt | -460.00 | |
| 02/13/2020 | City of El Segundo | -9,700.00 | $ 10,160.00 |
| **Total Deposits** | | | $ 19,163.90 |

Exhibit D

Cash Disbursements

| Date | Purpose | PaidTo | Amount |
|------|---------|--------|--------|
| 01/03/2020 | Paycheck | Noah A. Moerbeek | -3,105.24 |
| 01/03/2020 | Paycheck | Glenn R Vodhanel (Mgr) | -2,989.90 |
| 01/17/2020 | Paycheck | Noah A. Moerbeek | -3,282.88 |
| 01/31/2020 | Paycheck | Noah A. Moerbeek | -3,282.88 |
| 01/31/2020 | Paycheck | Patrick W Kieffer | -2,668.26 |
| 01/31/2020 | Paycheck | Asuncion C Cobarrubias | -1,893.28 |
| 01/31/2020 | Paycheck | Jason T Hills | -1,521.94 |
| 02/04/2020 | Reimburse | Glenn R Vodhanel (Mgr) | -4,027.78 |
| 02/04/2020 | Rent | DevBorg | -1,485.00 |
| 02/06/2020 | Blicense | City of Santa Barbara BT | -104.00 |
| 02/13/2020 | WH | Internal Revenue Service | -4,784.86 |
| 02/13/2020 | EDD | CaEmploymentDevelopmentDept | -510.90 |
| 02/13/2020 | UI | WvUnemploymentInsurance | -385.56 |
| 02/13/2020 | WH | WvStateWitholding | -311.00 |
| 02/14/2020 | Insurance | Anthem Blue Cross-Group | -3,440.73 |
| 02/14/2020 | Paycheck | Glenn R Vodhanel (Mgr) | -2,989.91 |
| 02/14/2020 | Paycheck | Patrick W Kieffer | -2,668.26 |
| 02/14/2020 | Paycheck | Steven J Le Van | -2,475.45 |
| 02/14/2020 | Paycheck | Asuncion C Cobarrubias | -1,893.28 |
| 02/14/2020 | Paycheck | Jason T Hills | -1,521.94 |
| 02/14/2020 | Insurance | ANTHEM BLUE CROSS L AND H | -995.00 |
| 02/14/2020 | Insurance | Kaiser Permanente | -846.00 |
| 02/14/2020 | Services | Monroe Consulting | -499.00 |
| 02/17/2020 | SalesContractor | Christopher Retzinger dba Aroma Works | -1,850.00 |
| 02/25/2020 | EDD | CaEmploymentDevelopmentDept | -510.91 |
| **Cleared Checks** | | | -50,043.96 |
| 01/29/2020 | Withholding | WvStateWitholding | -622.00 |
| 02/14/2020 | Paycheck | Noah A. Moerbeek | -3,282.88 |
| 02/25/2020 | Withholding | Internal Revenue Service | -4,784.88 |
| 02/27/2020 | TrusteeFees | USTrustee | -975.00 |
| 02/28/2020 | Paycheck | Noah A. Moerbeek | -3,282.88 |
| 02/28/2020 | Paycheck | Glenn R Vodhanel (Mgr) | -2,989.90 |
| 02/28/2020 | Paycheck | Patrick W Kieffer | -2,668.26 |
| 02/28/2020 | Paycheck | Steven J Le Van | -2,475.45 |
| 02/28/2020 | Paycheck | Asuncion C Cobarrubias | -1,893.27 |
| 02/28/2020 | Paycheck | Jason T Hills | -1,521.94 |
| **Total Uncleared Checks** | | | -24,496.46 |
| **Total Disbursements** | | | **-74,540.42** |

| DueTo | DateIncurred | Description | Amount |
|---|---|---|---|
| ZoroTools | 1-Feb | Tools | $23.10 |
| Han | 3-Feb | Services | $70.00 |
| Homedepot | 6-Feb | Duplicate Keys | $7.77 |
| Costco | 1-Feb | Renewal | $240.00 |
| msft | 1-Feb | Web Svcs | $963.36 |
| msft | 1-Feb | Web Svcs | $543.89 |
| msft | 1-Feb | Web Svcs | $6.18 |
| msft | 1-Feb | Web Svcs | $1.40 |
| aws | 1-Feb | Web Svcs | $34.95 |
| Jive | 5-Feb | VoipPhoneSvcs | $377.45 |
| intuit | 8-Feb | Payroll Subscrip | $24.00 |
| Commander | 10-Feb | CustomerFormPrinting | $500.00 |
| Newegg | 12-Feb | Hardware | $132.95 |
| OBI | 13-Feb | Hardware | $45.14 |
| Morros | 15-Feb | BusDinner | $45.06 |
| EfileForms | 17-Feb | 1099 Evendor | $2.99 |
| TMOBILE | 18-Feb | CellSvcs | $92.66 |
| Paypal | 18-Feb | TonerYlw | $64.94 |
| GarageCourt | 20-Feb | Santa Ana | $3.00 |
| elcho | 21-Feb | BusMtg | $32.34 |
| msft | 22-Feb | Web Svcs | $28.00 |
| Paypal | 25-Feb | TonerMgt | $38.17 |
| Paypal | 25-Feb | TonerBlk | $80.17 |
| Commander | 27-Feb | CustomerFormPrinting | $498.10 |
| LAHABRA | 23-Feb | Water | $35.04 |
| comcast | 28-Feb | Web Svcs/Internet | $97.95 |
| costcogas | 28-Feb | Gas | $49.50 |
| YPS | 28-Feb | SafeDeposit&Insurance | $83.60 |
| ringctl | 29-Feb | Web Svcs/Fax | $4.99 |
| | | | $4,126.70 |

## Estate of Progressive Solutions Inc.
## A/R Aging Summary
**As of February 29, 2020**

| | Current | 1 - 30 | 31 - 60 | 61 - 90 | > 90 | TOTAL |
|---|---|---|---|---|---|---|
| **City of Fresno** | 0.00 | 47.79 | 0.00 | 0.00 | 0.00 | 47.79 |
| **City of Hemet** | 3,952.55 | 0.00 | 0.00 | 0.00 | 0.00 | 3,952.55 |
| **City of Irvine** | 0.00 | 0.00 | 2,500.00 | 0.00 | 0.00 | 2,500.00 |
| **City of La Mirada** | 0.00 | 2,750.00 | 0.00 | 0.00 | 0.00 | 2,750.00 |
| **City of Ontario** | 6,900.00 | 0.00 | 0.00 | 0.00 | 0.00 | 6,900.00 |
| **City of San Carlos** | 0.00 | 0.00 | 0.00 | 0.00 | 9,750.00 | 9,750.00 |
| **City of Santa Maria** | 0.00 | 11,039.00 | 0.00 | 0.00 | 0.00 | 11,039.00 |
| **TOTAL** | 10,852.55 | 13,836.79 | 2,500.00 | 0.00 | 9,750.00 | 36,939.34 |


**Business Statement**

Account Number:
████████ 9177

Statement Period:
Feb 3, 2020
through
Feb 28, 2020

P.O. Box 1800
Saint Paul, Minnesota  55101-0800

4628        TRN                    S            Y      ST01

Page 1 of 2



000081942 01  AB  0.419  000638383205239 P  Y
ESTATE OF  PROGRESSIVE SOLUTIONS INC
DEBTOR IN POSSESSION
BANKRUPTCY CASE # 8:18-BK-14277-SC
PO BOX 783
BREA CA  92822-0783

☎    *To Contact U.S. Bank*

**24-Hour Business Solutions:**    1-800-673-3555

**U.S. Bank accepts Relay Calls**

**Internet:**    usbank.com

## NEWS FOR YOU



Scan here with your phone's camera to download the U.S. Bank Mobile App.

---

## PLATINUM BUSINESS CHECKING                                          *Member FDIC*

U.S. Bank National Association                                Account Number 1-575-1900-9177

### Account Summary

|                              | # Items |    |            |
|------------------------------|---------|----|------------|
| Beginning Balance on Feb 3   |         | $  | 406,842.20 |
| Customer Deposits            | 2       |    | 19,163.90  |
| Other Withdrawals            | 3       |    | 5,806.67-  |
| Checks Paid                  | 22      |    | 44,237.29- |
| **Ending Balance on  Feb 29, 2020** | | $ | **375,962.14** |

### Customer Deposits

| Number | Date  | Ref Number | Amount   | Number | Date   | Ref Number | Amount    |
|--------|-------|------------|----------|--------|--------|------------|-----------|
|        | Feb 6 | 8954966424 | 9,003.90 |        | Feb 13 | 8954688088 | 10,160.00 |
|        |       |            |          | **Total Customer Deposits** | | $ | **19,163.90** |

### Other Withdrawals

| Date   | Description of Transaction                                              | Ref Number | Amount    |
|--------|------------------------------------------------------------------------|------------|-----------|
| Feb 18 | Electronic Withdrawal        To EMPLOYMENT DEVEL                        |            | 510.90-   |
|        | REF=200490025991920N00       2282533055EDD EFTPMT160401856             | $          |           |
| Feb 18 | Electronic Withdrawal        To IRS                                     |            | 4,784.86- |
|        | REF=200450070218930N00       3387702000USATAXPYMT225044920275715       |            |           |
| Feb 27 | Electronic Withdrawal        To EMPLOYMENT DEVEL                        |            | 510.91-   |
|        | REF=200580032330690N00       2282533055EDD EFTPMT666495424             |            |           |
|        |                                                  **Total Other Withdrawals** | $ | **5,806.67-** |

### Checks Presented Conventionally

| Check | Date   | Ref Number | Amount   | Check | Date   | Ref Number | Amount   |
|-------|--------|------------|----------|-------|--------|------------|----------|
| 3341  | Feb  4 | 8356036080 | 3,105.24 | 3372  | Feb 19 | 8657373178 | 499.00   |
| 3358* | Feb  4 | 8356036081 | 3,282.88 | 3373  | Feb 18 | 8356049677 | 3,440.73 |
| 3363* | Feb  3 | 8053476793 | 1,893.28 | 3374  | Feb 19 | 8656694968 | 995.00   |
| 3364  | Feb  4 | 8357847832 | 2,989.90 | 3375  | Feb 21 | 9253907104 | 846.00   |
| 3365  | Feb  6 | 8951860863 | 1,521.94 | 3377* | Feb 18 | 8353272655 | 1,893.28 |
| 3366  | Feb  4 | 8356036084 | 3,282.88 | 3378  | Feb 18 | 8359650258 | 2,989.91 |
| 3367  | Feb  4 | 8356036056 | 2,668.26 | 3379  | Feb 20 | 8952088445 | 1,521.94 |
| 3370* | Feb  4 | 8357847831 | 4,027.78 | 3381* | Feb 19 | 8656372117 | 2,668.26 |
| 3371  | Feb 13 | 8954758470 | 1,485.00 | 3382  | Feb 14 | 9253871951 | 2,475.45 |

**025**



ESTATE OF PROGRESSIVE SOLUTIONS INC
DEBTOR POSSESSION
BANKRUPTCY CASE # 8:18-BK-14277-SC
PO BOX 783
BREA CA 92822-0783

**Business Statement**

Account Number:
████████ 9177

Statement Period:
Feb 3, 2020
through
Feb 28, 2020

Page 2 of 2



# PLATINUM BUSINESS CHECKING                             (CONTINUED)

U.S. Bank National Association                          **Account Number 1-575-1900-9177**

## Checks Presented Conventionally (continued)

| Check | Date | Ref Number | Amount | Check | Date | Ref Number | Amount |
|-------|------|-----------|--------|-------|------|-----------|--------|
| 3383 | Feb 19 | 8656723585 | 385.56 | 3385 | Feb 24 | 8055730439 | 1,850.00 |
| 3384 | Feb 19 | 8656362643 | 311.00 | 5003* | Feb 13 | 8954639548 | 104.00 |

\* Gap in check sequence          **Conventional Checks Paid (22)      $      44,237.29-**

## Balance Summary

| Date | Ending Balance | Date | Ending Balance | Date | Ending Balance |
|------|---------------|------|---------------|------|---------------|
| Feb 3 | 404,948.92 | Feb 14 | 399,169.49 | Feb 21 | 378,323.05 |
| Feb 4 | 385,591.98 | Feb 18 | 385,549.81 | Feb 24 | 376,473.05 |
| Feb 6 | 393,073.94 | Feb 19 | 380,690.99 | Feb 27 | 375,962.14 |
| Feb 13 | 401,644.94 | Feb 20 | 379,169.05 | | |

Balances only appear for days reflecting change.

# ANALYSIS SERVICE CHARGE DETAIL

Account Analysis Activity for: January 2020

|  |  |  |
|---|---|---|
| Account Number: | 1-575-1900-9177 | $      0.00 |
| Analysis Service Charge  waived | 1-575-1900-9177 | $      0.00 |

**Service Activity Detail for Account Number 1-575-1900-9177**

| Service | Volume | Avg Unit Price | Total Charge |
|---------|--------|---------------|--------------|
| **Depository Services** | | | |
| Combined Transactions/Items | 44 | | No Charge |
| Reject Checks Paid | 3 | | No Charge |
| Subtotal: Depository Services | | | 0.00 |
| Fee Based Service Charges for Account Number 1-575-1900-9177 | | $ | 0.00 |

**026**

# Estate of Progressive Solutions Inc.
## Reconciliation Detail
### USBankEstate, Period Ending 2/29/2020

| Type | Date | Num | Name | Amount | Balance |
|------|------|-----|------|--------|---------|
| **Beginning Balance** | | | | | **406,842.20** |
| **Cleared Transactions** | | | | | |
| **Checks and Payments** | | | | | |
| Paycheck | 01/03/2020 | 3341 | Noah A. Moerbeek | -3,105.24 | -3,105.24 |
| Paycheck | 01/03/2020 | 3339 | Glenn R Vodhanel (Mgr) | -2,989.90 | -6,095.14 |
| Paycheck | 01/17/2020 | 3358 | Noah A. Moerbeek | -3,282.88 | -9,378.02 |
| Paycheck | 01/31/2020 | 3366 | Noah A. Moerbeek | -3,282.88 | -12,660.90 |
| Paycheck | 01/31/2020 | 3367 | Patrick W Kieffer | -2,668.26 | -15,329.16 |
| Paycheck | 01/31/2020 | 3363 | Asuncion C Cobarrubias | -1,893.28 | -17,222.44 |
| Paycheck | 01/31/2020 | 3365 | Jason T Hills | -1,521.94 | -18,744.38 |
| Check | 02/04/2020 | 3370 | Glenn R Vodhanel (Mgr) | -4,027.78 | -22,772.16 |
| Check | 02/04/2020 | 3371 | DevBorg | -1,485.00 | -24,257.16 |
| Check | 02/06/2020 | Eck | City of Santa Barbara BT | -104.00 | -24,361.16 |
| Liability Check | 02/13/2020 | E-pay | Internal Revenue Service | -4,784.86 | -29,146.02 |
| Liability Check | 02/13/2020 | E-pay | CaEmploymentDevelopmentDept | -510.90 | -29,656.92 |
| Liability Check | 02/13/2020 | 3383 | WvUnemploymentInsurance | -385.56 | -30,042.48 |
| Liability Check | 02/13/2020 | 3384 | WvStateWitholding | -311.00 | -30,353.48 |
| Check | 02/14/2020 | 3373 | Anthem Blue Cross-Group | -3,440.73 | -33,794.21 |
| Paycheck | 02/14/2020 | 3378 | Glenn R Vodhanel (Mgr) | -2,989.91 | -36,784.12 |
| Paycheck | 02/14/2020 | 3381 | Patrick W Kieffer | -2,668.26 | -39,452.38 |
| Paycheck | 02/14/2020 | 3382 | Steven J Le Van | -2,475.45 | -41,927.83 |
| Paycheck | 02/14/2020 | 3377 | Asuncion C Cobarrubias | -1,893.28 | -43,821.11 |
| Paycheck | 02/14/2020 | 3379 | Jason T Hills | -1,521.94 | -45,343.05 |
| Check | 02/14/2020 | 3374 | ANTHEM BLUE CROSS L AND H | -995.00 | -46,338.05 |
| Check | 02/14/2020 | 3375 | Kaiser Permanente | -846.00 | -47,184.05 |
| Check | 02/14/2020 | 3372 | Monroe Consulting | -499.00 | -47,683.05 |
| Check | 02/17/2020 | 3385 | Christopher Retzinger dba Aroma Works | -1,850.00 | -49,533.05 |
| Liability Check | 02/25/2020 | E-pay | CaEmploymentDevelopmentDept | -510.91 | -50,043.96 |
| **Total Checks and Payments** | | | | **-50,043.96** | **-50,043.96** |
| **Deposits and Credits - 3 items** | | | | | |
| Deposit | 02/06/2020 | | | 9,003.90 | 9,003.90 |
| Deposit | 02/13/2020 | | | 10,160.00 | 19,163.90 |
| **Total Deposits and Credits** | | | | **19,163.90** | **19,163.90** |

Prepared 2/29/2020

Page 1

**027**

# Estate of Progressive Solutions Inc.
## Reconciliation Detail
### USBankEstate, Period Ending 2/29/2020

| Type | Date | Num | Name | Amount | Balance |
|------|------|-----|------|--------|---------|
| **Total Cleared Transactions** | | | | **-30,880.06** | **-30,880.06** |
| Cleared Balance | | | | **-30,880.06** | **375,962.14** |
| **Uncleared Transactions** | | | | | |
| **Checks and Payments** | | | | | |
| Liability Check | 01/29/2020 | 3369 | WvStateWitholding | -622.00 | -622.00 |
| Paycheck | 02/14/2020 | 3380 | Noah A. Moerbeek | -3,282.88 | -3,904.88 |
| Liability Check | 02/25/2020 | E-pay | Internal Revenue Service | -4,784.88 | -8,689.76 |
| Check | 02/27/2020 | 3393 | USTrustee | -975.00 | -9,664.76 |
| Paycheck | 02/28/2020 | 3389 | Noah A. Moerbeek | -3,282.88 | -12,947.64 |
| Paycheck | 02/28/2020 | 3387 | Glenn R Vodhanel (Mgr) | -2,989.90 | -15,937.54 |
| Paycheck | 02/28/2020 | 3390 | Patrick W Kieffer | -2,668.26 | -18,605.80 |
| Paycheck | 02/28/2020 | 3391 | Steven J Le Van | -2,475.45 | -21,081.25 |
| Paycheck | 02/28/2020 | 3386 | Asuncion C Cobarrubias | -1,893.27 | -22,974.52 |
| Paycheck | 02/28/2020 | 3388 | Jason T Hills | -1,521.94 | -24,496.46 |
| **Total Checks and Payments** | | | | **-24,496.46** | **-24,496.46** |
| **Total Uncleared Transactions** | | | | **-24,496.46** | **-24,496.46** |
| Register Balance as of 02/29/2020 | | | | -55,376.52 | 351,465.68 |

Prepared 2/29/2020

**028**

**Estate of Progressive Solutions Inc.**

# Profit & Loss

**February 2020**

| | |
|---|---:|
| **Ordinary Income/Expense** | |
|    **Income** | |
|       **Total Sales-Events** | 460.00 |
|       **Total Sales-Maintenance** | 2,410.20 |
|       **Total Services** | 12,849.02 |
|    **Total Income** | 15,719.22 |
|    **Total COGS** | 395.00 |
|   **Gross Profit** | 15,324.22 |
|    **Expense** | |
|       **Advertising and Promotion** | 101.98 |
|       **Communications** | 3,413.75 |
|       **SalesContracting** | 1,850.00 |
|       **Insurance** | 5,281.73 |
|       **Licenses/Permits** | 104.00 |
|       **OfficeSupplies** | 488.07 |
|       **Payroll Expenses** | 41,784.57 |
|       **Rent Expense** | 1,485.00 |
|       **TrusteeFee** | 975.00 |
|       **Utilities** | 127.98 |
|    **Total Expense** | 55,612.08 |
|  **Net Ordinary Income** | -40,287.86 |
| **Net Income** | **-40,287.86** |

**Estate of Progressive Solutions, Inc.**

## Balance Sheet

**As of February 29, 2020**

**ASSETS**

| | |
|---|---|
| **Current Assets** | |
| **Checking/Savings** | |
| **USBankEstate** | 351,465.68 |
| **Total Checking/Savings** | 351,465.68 |
| **Other Current Assets** | |
| **PM** | 139,177.27 |
| **Undeposited Funds** | 3,649.73 |
| **Total Other Current Assets** | 142,827.00 |
| **Total Current Assets** | 494,292.68 |
| **TOTAL ASSETS** | **494,292.68** |
| **LIABILITIES & EQUITY** | |
| **Current Liabilities** | |
| **Other Current Liabilities** | |
| **Payroll Liabilities** | 21,486.39 |
| **Sales Tax Payable** | 10,035.01 |
| **Total Other Current Liabilities** | 31,521.40 |
| **Total Current Liabilities** | 31,521.40 |
| **Total Liabilities** | 31,521.40 |
| **Capital Stock** | 10,112.00 |
| **Retained Earnings** | 174,966.51 |
| **Net Income** | 277,692.77 |
| **Total Equity** | 462,771.28 |
| **TOTAL LIABILITIES & EQUITY** | **494,292.68** |

**Estate of Progressive Solutions,Inc**
## Profit & Loss Budget Overview
**March 2020 through April 2020**

|  | Mar 20 | Apr 20 | TOTAL Mar 20 - Apr 20 |
|---|---|---|---|
| **Ordinary Income/Expense** | | | |
| **Income** | | | |
| **Sales-Events** | 0.00 | 0.00 | 0.00 |
| **Sales-Maintenance** | 12,000.00 | 12,000.00 | 24,000.00 |
| **Services** | 2,500.00 | 2,500.00 | 5,000.00 |
| **Total Income** | 14,500.00 | 14,500.00 | 29,000.00 |
| **Minus COGS** | 3,120.00 | 3,120.00 | 6,240.00 |
| **Gross Profit** | 11,380.00 | 11,380.00 | 22,760.00 |
| **Expense** | | | |
| **Advertising and Promotion** | 150.00 | 150.00 | 300.00 |
| **Bank Fees** | 10.00 | 10.00 | 20.00 |
| **Total Communications** | 1,400.00 | 1,400.00 | 2,800.00 |
| **Total Insurance** | 5,450.00 | 5,450.00 | 10,900.00 |
| **Meals and Entertainment** | 300.00 | 300.00 | 600.00 |
| **Payroll Expenses** | 49,600.00 | 49,600.00 | 99,200.00 |
| **Professional Fees** | | | |
| **Legal** | 0.00 | 0.00 | 0.00 |
| **QuarterlyTrusteeFee** | 0.00 | 0.00 | 0.00 |
| **Misc Filing/Court Fees** | 605.00 | 605.00 | 1,210.00 |
| **Total Professional Fees** | 605.00 | 605.00 | 1,210.00 |
| **Rent Expense** | 1,485.00 | 1,485.00 | 2,970.00 |
| **SalesDraw/Commission** | 3,700.00 | 3,700.00 | 7,400.00 |
| **TaxesPermits** | 1,400.00 | 0.00 | 1,400.00 |
| **Travel Expense** | 500.00 | 500.00 | 1,000.00 |
| **Utilities** | 175.00 | 175.00 | 350.00 |
| **Total Expense** | 64,775.00 | 63,375.00 | 128,150.00 |
| **Net Ordinary Income** | -53,395.00 | -51,995.00 | -105,390.00 |
| **Net Income** | **-53,395.00** | **-51,995.00** | **-105,390.00** |

Prepared 2/29/2020

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

22287 Mulholland Hwy., # 318
Calabasas, CA 91302

A true and correct copy of the foregoing document entitled (*specify*): _____
CHAPTER 11 SUBCHAPTER V STATUS REPORT
_____
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
___03/26/2020_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) ___03/26/2020_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

 Judge Clarkson, US Bankruptcy Court, 411 W. Fourth Street Suite 5130 Santa Ana, CA 92701
 See attached proof of service by mailing service.

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/26/2020 | Lewis R. Landau | /s/ Lewis R. Landau |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| In re: Progressive Solutions, Inc., | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 8:18-bk-14277 SC |

**ADDITIONAL SERVICE INFORMATION (if needed):**

NEF Service List (category I):

Dina Yunker Frank on behalf of Creditor Washington State Taxing Agencies
bcuyunker@atg.wa.gov, bcuyunker@atg.wa.gov

Michael J Hauser on behalf of U.S. Trustee United States Trustee (SA)
michael.hauser@usdoj.gov

M. Jonathan Hayes on behalf of Interested Party Courtesy NEF
jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;
priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;
sloan@rhmfirm.com

Christopher D Hughes on behalf of Attorney Christopher D Hughes
chughes@nossaman.com

Christopher D Hughes on behalf of Defendant City of Oakland
chughes@nossaman.com

Monique D Jewett-Brewster on behalf of Creditor The City of Oakland
mjb@hopkinscarley.com, eamaro@hopkinscarley.com

Andre A Khansari on behalf of Creditor Ecker Capital, LLC
andre@khansarilaw.com, legal@khansarilaw.com

Lewis R Landau on behalf of Debtor Progressive Solutions, Inc.
Lew@Landaunet.com

Lewis R Landau on behalf of Plaintiff Progressive Solutions, Inc.
Lew@Landaunet.com

Jay M Ross on behalf of Creditor The City of Oakland
jross@hopkinscarley.com, kday@hopkinscarley.com

Mark M Sharf (TR)
mark@sharflaw.com, C188@ecfcbis.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_January 2009_                                                                                                    **F 9013-3.1**

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

| | |
|---|---|
| IN RE:  PROGRESSIVE SOLUTIONS, INC | CASE NO: 8:18-bk-14277-SC |
| | **DECLARATION OF MAILING** **CERTIFICATE OF SERVICE** |
| | Chapter: 11 |

On 3/26/2020, I did cause a copy of the following documents, described below,

CHAPTER 11 SUBCHAPTER V STATUS REPORT

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4).  A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 3/26/2020

/s/ Lewis R. Landau
Lewis R. Landau  143391
Lewis R. Landau, Attorney at Law
22287 Mulholland Hwy #318
Calabasas, CA  91302
888 822 4340

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

IN RE:  PROGRESSIVE SOLUTIONS, INC

CASE NO: 8:18-bk-14277-SC

**CERTIFICATE OF SERVICE**
**DECLARATION OF MAILING**

Chapter: 11

On 3/26/2020, a copy of the following documents, described below,

CHAPTER 11 SUBCHAPTER V STATUS REPORT

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document (s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 3/26/2020

Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Lewis R. Landau
Lewis R. Landau, Attorney at Law
22287 Mulholland Hwy #318
Calabasas, CA  91302

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF" WERE SERVED VIA E-MAIL OR NOTICE THROUGH THE CM/ECF SYSTEM

CASE INFO
  LABEL MATRIX FOR LOCAL NOTICING
09738
CASE 8-18-BK-14277-SC
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA
THU MAR 26 11-48-56 PDT 2020

ECKER CAPITAL LLC
201 EAST 5TH STREET
SUITE 1200
SHERIDAN WY 82801-3658

LAW OFFICES OF PAUL KLEVEN
1604 SOLANO AVE
BERKELEY CA 94707-2109

~~EXCLUDE~~
~~PROGRESSIVE SOLUTIONS INC~~
~~PO BOX 709~~
~~BREA CA 92022-0709~~

THE CITY OF OAKLAND
CO MONIQUE D JEWETTBREWSTER
HOPKINS  CARLEY ALC
70 S FIRST STREET
SAN JOSE CA 95113-2406

~~EXCLUDE~~
~~SANTA ANA DIVISION~~
~~411 WEST FOURTH STREET SUITE 2030~~
~~SANTA ANA CA 92701-4500~~

BERKELEY RESEARCH GROUP LLC
WELTMAN WEINBERG  REIS CO LPA
3705 MARLANE DRIVE
GROVE CITY OH 43123-8895

BERKELEYRESEARCHGROUP
2200 POWELL ST 1200
EMERYVILLE CA 94608-1833

CHRIS RETZINGER
8400 SAMRA DR
WEST HILLS CA 91304-3214

CHRISTOPHER HUGHES
621 CAPITOL MALL
SUITE 2500
SACRAMENTO CA 95814-4755

CHRISTOPHER RETZINGER DBA AROMAWORKS
8400 SAMRA DR
CANOGA PARK CA 91304-3214

CITY OF OAKLAND MR STANLEY
CO MICHELLE MEYERS CITY ATTY
ONE OGAWA PLAZA 6TH FLOOR
OAKLAND CA 94612-1999

COUNTY OF ORANGE
ATTN TREASURERTAX COLLECTOR
PO BOX 4515
SANTA ANA CA 92702-4515

DAVID LEE
NOSSAMAN LLP
50 CALIFORNIA STREET 24TH FLOOR
SAN FRANCISCO CA 94111-4799

ECKER CAPITAL LLC
CO KHANSARI LAW CORPORATION
11845 W OLYMPIC BLVD SUITE 1000
LOS ANGELES CA 90064-5066

EMPLOYMENT DEVELOPMENT DEPARTMENT
BANKRUPTCY GROUP MIC 92E
P O BOX 826880
SACRAMENTO CA 94280-0001

EMPLOYMENT DEVELOPMENT DEPARTMENT
BANKRUPTCY GROUP MIC 92E PO BOX 826880
SACRAMENTO CA 95814

FRANCHISE TAX BOARD
ATTENTION BANKRUPTCY
PO BOX 2952
SACRAMENTO CA 95812-2952

GLENN VODHANEL PRESIDENT
PROGRESSIVE SOLUTIONS INC
PO BOX 783
BREA CA 92822-0783

INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA PA 19101-7346

JEROME BLUM
HERZLICH  BLUM LLP
15760 VENTURA BLVD SUITE 700
ENCINO CA 91436-3016

LAW OFFICES OF SHERYL TRAUM
1919 S SYRINGA RD
SPOKANE WA 99203-3463

~~EXCLUDE~~
~~LEWIS R LANDAU~~
~~ATTORNEY AT LAW~~
~~22287 MULHOLLAND HWY  310~~
~~CALABASAS CA 91302-5157~~

MONROE CONSULTING
22921 TRITON WAY 224
LAGUNA HILLS CA 92653-1236

PARAGON COMMUNICATIONS LLC
PO BOX 811
BREA CA 92822-0811

PRESOFT CENTER OF FRESNO LLC
496 S URUAPAN WAY
DINUBA CA 93618-2719

SHERYL A TRAUM
LAW OFFICES OF SHERYL A TRAUM
1901 HARRISON STREET SUITE 1100
OAKLAND CA 94612-3648

PARTIES DESIGNATED AS "EXCLUDED" WERE NOT SERVED VIA FIRST CLASS MAIL.
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF" WERE SERVED AND RECEIVED THE ATTACHED NOTICE THROUGH THE CM/ECF SYSTEM

EXCLUDED
UNITED STATES TRUSTEE SA
411 W FOURTH ST SUITE 7160
SANTA ANA CA 92701-4500

WA DEPARTMENT OF REVENUE
2101 4TH AVE SUITE 1400
SEATTLE WA 98121-2300

WASHINGTON STATE
DEPARTMENT OF REVENUE
PO BOX 34051
SEATTLE WA 98124-1051

WINTHROP COUCHOT
GARRICK HOLLANDER
1301 DOVE ST 500
NEWPORT BEACH CA 92660-2467

CHRISTOPHER D HUGHES
NOSSAMAN LLP
621 CAPITOL MALL STE 2500
SACRAMENTO CA 95814-4755

EXCLUDED
LEWIS R LANDAU
22287 MULHOLLAND HWY 310
CALABASAS CA 91302-5157

EXCLUDED
LEWIS R LANDAU
22287 MULHOLLAND HWY  310
CALABASAS CA 91302-5157

MARK M SHARF TR
6080 CENTER DRIVE 6TH FL
LOS ANGELES CA 90045-9205